# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NAJAM ALDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-484-DRH |
| | ) | |
| K. BRINK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate at the Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time Plaintiff submitted this complaint, he was still confined at Graham Correctional Center and, therefore, the provisions of 28 U.S.C. § 1915A apply to his complaint. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

While confined at the Vandalia Correctional Center, Plaintiff, a practicing Muslim, had a run-in with prison officials in October 2007 concerning his Ramadan fast.  This incident formed the basis for Plaintiff's federal civil rights action in *Aldin v. Illinois Dept. of Corrections*, Case No. 3:08-cv-343 (S.D. Ill.).  It appears that Plaintiff was later transferred to Graham Correctional Center.

Since the dispute in October 2007, Plaintiff states that "the defendants listed in this complaint initiated hostile action and imposed disciplinary sanctions upon [him] simply because of [his] faith and because [his] name is Islamic."  Specifically, Plaintiff contends that he (and other Muslims) were denied the opportunity to say their Friday prayers in the prison's chapel;  that he was again denied the opportunity to participate in Ramadan; and that he was harassed by being given disciplinary sanctions.

Additionally, because he was unable to say his Friday prayers in the chapel, he attempted to say them in the laundry room in his housing unit.  Plaintiff states that he chose the laundry room because other non-Muslim inmates at Graham were hostile and threatened the Muslim inmates. Plaintiff was informed, however, that he could not pray in the laundry room.  Thereafter, Plaintiff attempted to pray by his bed (which, it appears, was permissible), but that this lead to him being beaten up by another inmate.  Finally, Plaintiff alleges that he was denied prayer rugs and his Koran.

DISCUSSION

A. Retaliation.

Liberally construing the complaint, it appears that Plaintiff is attempting to assert a retaliation claim against the Defendants.  That is, based on his religious beliefs, practices, and the prior run-in at Vandalia Correctional Center, the Defendants were out to get Plaintiff for exercising his religion and/or pursuing his legal claims concerning events at Vandalia Correctional Center.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution.  *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance"); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory transfer); *Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (retaliation for filing lawsuit); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (per curiam) (same).    It is well-established that a prisoner has a First Amendment right "to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686

and nn. 3-5 (7th Cir. 1991) (collecting cases).  At this time, the Court is unable to dismiss Plaintiff's retaliation claims and, therefore, they survive review under 28 U.S.C. § 1915A.

**B. Free exercise of religion.**

As noted above,  a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999).  It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa,* 907 F.2d at 47.  Accordingly, the Court is unable to dismiss Aldin's First Amendment claim regarding interference with his free exercise of his religion. **C. Failure to protect.**

Plaintiff's complaint also appears to assert a claim that prison officials failed to protect him from attack by other inmates.  In this case, it appears that Plaintiff asked for a safe, secure place to say his Friday prayers but was denied the same, even though it was clear that other non-Muslim inmates were hostile and threatened the Muslim inmates.  Under the Eighth Amendment, Plaintiff has a right to be protected from attacks at the hands of other inmates. To establish an Eighth Amendment failure to protect claim, Plaintiff must demonstrate (1) that he suffered an objectively sufficiently serious injury and (2) that he was incarcerated under conditions imposing a sufficient risk of serious harm. *Borello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006).  Applying these principles, the Court finds that Plaintiff's "failure to protect" claim survives threshold review and should not be dismissed at this time.

4

### D. Claims against Defendant James.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). In the case at hand, however, the complaint fails to include any allegations against Defendant James. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Plaintiff's claims against Defendant James must be dismissed.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant James are **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the dismissal of these claims counts as one of "strikes" for purposes of 28 U.S.C. § 1915(g). Because there are no claims pending against her, Defendant James is **DISMISSED** as a Defendant in this action.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Brink, Bumpus, Henna, Hoffman, Stephens, Wright, Gaylord, Vaughn, Pyle, and Kutz**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

5

Civil Procedure, to serve process on Defendants **Brink, Bumpus, Henna, Hoffman, Stephens, Wright, Gaylord, Vaughn, Pyle, and Kutz** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting

6

service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:** March 5, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**

8